UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ARIC SINGING GOOSE,<br><br>　　　　　Defendant. | CR. 14-50039-JLV<br><br>ORDER |

　　　　On December 12, 2014, defendant Aric Singing Goose was convicted of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a).  (Docket 39).  Mr. Singing Goose was sentenced to a period of incarceration of time served and was placed on supervised release for a period of five years on certain conditions.  Id.  On February 17, 2016, the United States Probation Officer supervising Mr. Singing Goose filed a petition seeking to revoke his supervised release.  (Docket 41).  The petition alleges Mr. Singing Goose violated the conditions of his supervised release by the following conduct:

　　　1.　　On or about 02/05/2016, in Rapid City, SD, Aric Singing Goose engaged in conduct which constitutes a violation of state law, that is, Aggravated Assault/Domestic Violence, in violation of the Mandatory Conditions of supervised release[; and]

　　　2.　　On or about 02/05/2016, at Rapid City, SD, Aric Singing Goose did consume alcoholic beverages, in violation of Special Condition No. 2 of the Conditions of supervised release.

Id. at p. 2.

On April 25, 2016, the court held an evidentiary hearing on the first allegation.[1] During the course of the hearing the government sought to present hearsay evidence of L.L.H., the alleged victim. L.L.H. had been subpoenaed by the government to attend the hearing but did not appear. Mr. Singing Goose objected to the use of hearsay evidence from L.L.H., asserting the use of hearsay evidence violated his Sixth Amendment right of confrontation. The court reserved ruling on the defendant's motion pending post-hearing briefing. Subject to the defendant's timely objection, the hearsay evidence was presented through the testimony of Rapid City Police Officer Cote.

The defendant argues that pursuant to Fed. R. Crim. P. 32.1 he is entitled to confront and cross-examine L.L.H. as an adverse witness. (Docket 60 at p. 1). That rule provides that during a revocation evidentiary hearing a defendant "is entitled to . . . an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear . . . ." Fed. R. Crim. P. 32.1(b)(2)(C). In order to determine whether the "interest of justice does not require the witness to appear," Mr. Singing Goose asserts the court should "apply the balancing test established in United States v. Bell, 785 F.2d 640 (8th Cir. 1986)[2] and determine that [his] constitutional rights were violated by the government's reliance on hearsay evidence." (Docket 60 at p. 2).

---

[1] At the hearing, Mr. Singing Goose notified the court of his intent to admit the second alleged violation once the first allegation was resolved. See also Docket 60 at p. 1.

[2] Mr. Singing Goose's brief incorrectly cites United States v. Bell as being located at 705 F.2d 640. (Docket 60 at p. 2).

The government acknowledges the court must conduct the balancing test directed by Bell, but claims sufficient "[e]vidence was presented that makes the hearsay statements of [L.L.H.] reliable." (Docket 61 at p. 4). The government asserts the non-hearsay evidence presented through the two police officers and the defendant's own interactions with the officers corroborate L.L.H.'s statement to one of the officers. Id. at p. 5.

The rules of evidence do not apply to supervised release revocation proceedings. Fed. R. Evid. 1101(d)(3). "But the right of confrontation under the Sixth Amendment does apply, and it must be honored unless the findings necessary to avoid it are made." Bell, 785 F.2d at 643 n.3. "[W]here the government demonstrates that the burden of producing live testimony would be inordinate and offers in its place hearsay evidence that is demonstrably reliable, it has made a strong showing of good cause. Where, on the other hand, the government neither shows that presenting live testimony would be unreasonably burdensome nor offers hearsay evidence that bears indicia of reliability, the [defendant] is entitled to confrontation." Id. at 643. In this revocation proceeding, the court "must balance the [defendant's] right to confront a witness against the grounds asserted by the government for not requiring confrontation." Id. at 642. In order to consider the hearsay evidence, the court must conclude the government has established "good cause . . . for dispensing with confrontation." Id. at 642-43. "First, the court should assess the explanation the government offers of why confrontation is undesirable or impractical." Id. at 643. Secondly, the court must consider "the reliability of the evidence which the government offers in place of live testimony." Id. "[A] claim of a Rule

3

32.1(b)(2)(C) violation . . . [is reviewed] . . . for an abuse of discretion." United States v. Johnson, 710 F.3d 784, 787 (8th Cir. 2013).

To conduct the balancing test required by Bell, the court must first consider the government's explanation for L.L.H.'s non-appearance at the revocation hearing.  The government acknowledged it subpoenaed L.L.H. for the hearing, but she did not appear.  No explanation for her absence was given and the government did not request a warrant for L.L.H.'s detention as a material witness.  No request for a continuance of the hearing to secure her attendance was made.  Government counsel reported that L.L.H. failed to appear at a state court criminal proceeding charging Mr. Singing Goose with aggravated assault, resulting in the dismissal of that action.  See also Docket 61 at p. 4.  The government claims the "economic hardships faced by many residents of the Pine Ridge Indian Reservation, as well as the mental and emotional challenges faced by victims of domestic violence in confronting their abusers" justifies the court finding there were good reasons for L.L.H. not to appear at the revocation hearing.  (Docket 61 at p. 4).

The government has not presented any evidence that L.L.H. "had a well-founded fear of retaliation" or that the "burden of producing [her] live testimony [was] inordinate."  United States v. Martin, 382 F.3d 840, 845-46 (8th Cir. 2004)(referencing United States v. Comito, 177 F.3d 1166).  The court concludes this factor does not support "good cause" under Bell.

Next the court must review the testimony presented at the revocation hearing.  At the hearing, the government presented the live testimony of the two police officers, a number of photographs and a knife.

Officer Cote testified he was called to a north Rapid City residence during the late evening hours of February 5, 2016. He interviewed L.L.H. who claimed she had been assaulted by Aric Singing Goose, her boyfriend of 14 months. She told the officer that the assault occurred earlier in the evening at the M Star Motel on Mt. Rushmore Road. She claimed to have been struck in the head and on both arms multiple times by Mr. Singing Goose and when she fell to the ground he kicked her in the shins several times. She also claimed when she yelled for help he held a red-handled knife to her throat and threatened her, saying "I'm going to count to 5 and cut you if you don't quit screaming," or words to that effect. She then told the officer Mr. Singing Goose released her, she left the motel and went to the north Rapid City location, some three or four miles away, where the interview took place.

L.L.H. told the officer that she and Mr. Singing Goose had been drinking together at the motel where they were staying. Officer Cote observed L.L.H. to be dressed only in a t-shirt and sweatpants for such a cold evening and she had a .064% blood alcohol content approximately two hours after the alleged assault. The officer testified that photographs taken at that time of L.L.H. were accurate and consistent with her explanation of the alleged assault.

The photographs, marked as exhibits #1-#8, were admitted at the hearing. Another photograph, admitted as exhibit A, shows numerous horizontal injuries to L.L.H.'s forearms. L.L.H. did not mention either being a "cutter" or having struck Mr. Singing Goose so as to explain the bruises on her hands or the multiple cuts on her forearms. See Exhibits 5 and A.

Officer Cote radioed Senior Officer Holt to meet him at the M Star Motel. At the motel, the two officers met up with Mr. Singing Goose in an upper room. Officer Cote testified Mr. Singing Goose appeared groggy and intoxicated. Later at the Pennington County Jail, Mr. Singing Goose had a .22% blood alcohol content. Mr. Singing Goose denied assaulting L.L.H. and denied having a knife. Photographs were taken of Mr. Singing Goose's physical appearance. The photographs, exhibits #9 and #10, were admitted at the hearing. Officer Cote testified the two photographs accurately depicted Mr. Singing Goose's condition.

Senior Officer Holt, a 21-year veteran of the Rapid City Police Department, testified that after Mr. Singing Goose denied having a knife he consented to a search of the motel room. Officer Holt found a small blade, red-handled folding knife in the room. Once the knife was shown to him, Mr. Singing Goose admitted it belonged to him. The knife was admitted at the hearing as exhibit #11.

Officer Holt testified that while the motel room was messy there was no sign of an assault. Based on L.L.H.'s statements and the other evidence described above Mr. Singing Goose was arrested at the motel for aggravated assault and domestic abuse.

Mr. Singing Goose denied assaulting L.L.H. His denial placed into question whether an assault actually occurred. "While police reports [and officer testimony] may be demonstrably reliable evidence of the fact that an arrest was made . . . they are significantly less reliable evidence of whether the allegations of criminal conduct they contain are true." Bell, 785 F.2d at 644. The officers were not present and did not personally observe the allegedly

assaultive behavior charged. The officers' testimony is not "corroborated by [the] other evidence." Johnson, 710 F.3d at 789 (citing United States v. Farmer, 567 F.3d 343, 347-48 (8th Cir. 2009)).

The court finds the evidence presented at the hearing places into question whether the evidence "reliab[ly]" substituted for the "live testimony" of L.L.H. Bell, 785 F.2d at 643. The "[u]sworn verbal allegations [of L.L.H.] . . . are . . . the least reliable type of hearsay . . . ." Comito, 177 F.3d at 1171. *Cf,* Martin, 382 F.3d at 845-46.

The court concludes the government has not established "good cause . . . for dispensing with confrontation." Bell, 785 F.2d at 642. The defendant's "right to confront an adverse witness outweighs 'the grounds asserted by the government for not requiring confrontation.'" Johnson, 710 F.3d at 789 (citing Bell, 785 F.2d at 642). Mr. Singing Goose's objection to the use of hearsay evidence is sustained.

The court will not allow the government to reopen the record to secure the testimony of L.L.H. "[T]he Government had a full and fair opportunity to present its evidence" and the court will "follow the traditional path of limiting the Government to one bite at the apple." Id. at 790 (citing United States v. Thomas, 630 F.3d 1055, 1957 (8th Cir. 2011)).

Accordingly, no good cause appearing, it is

ORDERED that the defendant's objection to the use of hearsay evidence at the revocation hearing is sustained.

IT IS FURTHER ORDERED that the government has failed to prove by a preponderance of the evidence, as required by 18 U.S.C. § 3583(e)(3), that Mr.

7

Singing Goose violated the conditions of his supervised release as alleged in allegation #1 of the petition to revoke supervised release.   (Docket 41 at p. 2).

    NOTICE IS FURTHER GIVEN that the court will set a hearing to consider allegation #2 of the petition.   Id.

    Dated July 14, 2016

                      BY THE COURT:

                        /s/ *Jeffrey L. Viken*
                        JEFFREY L. VIKEN
                        CHIEF JUDGE